## OHIO SUPREME COURT—Continued

### SYLLABI OF CASES
### DECIDED LAST WEEK

#### No. 669

No. 18095—Ohio Farmers Insurance Co. v. Dorothy Todino. Error to the Court of Appeals of Jefferson County.

**647. INSURANCE, AUTOMOBILE—Failure of car owner to comply with statute requiring registration of automobile (109 OL. 330) defeats recovery of damages under the policy.** CONN, J.

One who purchases from an insurance company a policy covering on an automobile, which policy contains a provision that the underwriter shall not be liable if the insured be not the sole and unconditional owner of the aautomobile, may not recover damages under such policy when the owner, neither at the time of the procuring of the insurance nor at the time of the liability was claimed to have arisen, had complied with the provisions of the Act of the General Assembly relating to the registration of automobiles, found in Vol. 109, p. 330, Ohio Laws.

Judgment reversed.

Marshall, C. J., Jones, Robinson, Matthias, Day and Allen, JJ., Concur.. Jones, J., dissents.

# Weekly Abstract Of Pending Cases

These cases have been filed in the Supreme Court, and most of them are for hearing there on motion to certify the record. The references to The Abstract above each case direct the reader to the paragraph telling of the filing of the case, and give the character of the hearing.

These reports are published exclusively in The Abstract.

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

#### No. 670

AGIN, Admr., v. NEUHART et
No. 18613. Supreme Court
ON MOTION TO CERTIFY

Pending on motion to order Monroe Appeals to certify record. Docketed May 28, 1924. 2 Abs. 387.

**1279. WORK AND LABOR—Is food, housing, nursing, washing, sewing, etc., furnished to a half-sister, presumed to be furnished gratuitously?**

##### Epitomized Opinion

Jennie Neuhart was the half sister and also the niece (by marriage) of Margaret Neuhart, deceased. Jennie filed a claim against the estate of Margaret, asking the sum of $1,080 for house room, boarding, nursing, washing, sewing and mending decedent's clothes for a term of 36 months and five days.

The claim was rejected by the administrator. In the Common Pleas, the jury found for Jennie.

The Court of Appeals affirmed the Common Pleas. Error is claimed on the refusal of the trial court to charge the jury as follows:

1. "You are instructed that there is no presumption of a promise to pay for services or board on the part of members of a family or near relative."

2. "You are further instructed that there is no presumption where the dealings are between those of the same family or those closely related by blood or marriage, in such cases, an actual agreement must be proven."

Error is charged on a part of the charge, as given, which is as follows:

"If you should find from a preponderance of evidence, that the decedent promised to pay the plaintiffs for the items charged, you would be warranted in presuming that a contract was made between them to furnish the items charged and receive pay for the same." "But, if you find from the circumstances that valuable services were rendered bv the plaintiffs to the decedent, that the services were continuous and substantial; there would be no presumption that the services so rendered to a half-sister were intended to be gratuitous, and it is left to you to determine under all the circumstances, whether the services and items of account that you may find were rendered were intended to be gratuitous or not.

Error is also claimed that the Court of Appeals affirmed the verdict rendered in the trial court.

Attorneys—W. B. Anderson, C. S. Buchanan, for Agin; Lynch & Lynch, for Neuhart; all of Woodsfield.